UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.: 13-cv-2370 (ENV)(VMS)
-----------------------------------------------------------------

ASHLEY MUSSO

        Plaintiff,          AMENDED COMPLAINT

   -against-          PLAINTIFF(S) DEMAND
          TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. THOMAS MIKALINIS (SH. 21162),
P.O. ROBERT O'BRIEN (SH. 18045),
P.O. ANDY CRUZ (SH. 28171),
P.O. MELISSA NAPOLI (SH. 629),
P.O. SARAH SWEIGART (SH. 26961),
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

        Defendant(s)

-----------------------------------------------------------------

Plaintiff, ASHLEY MUSSO, by her attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff ASHLEY MUSSO resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. P.O. THOMAS MIKALINIS (SH. 21162) at all times relevant to this action was a police officer with THE CITY OF NEW YORK and acting under color of state law. He is being sued in both their individual and official capacity.

9. P.O. ROBERT O'BRIEN (SH. 18045) at all times relevant to this action was a police officer with THE CITY OF NEW YORK and acting under color of state law. He is being sued in both their individual and official capacity.

10. P.O. ANDY CRUZ (SH.28171) at all times relevant to this action was a police officer with THE CITY OF NEW YORK and acting under color of state law. He is being sued in both their individual and official capacity.

11. P.O. MELISSA NAPOLI (SH. 629) at all times relevant to this action was a police officer with THE CITY OF NEW YORK and acting under color of state law. He is being sued in both their individual and official capacity.

12. P.O. SARAH SWEIGART (SH. 26961) at all times relevant to this action was a police officer with THE CITY OF NEW YORK and acting under color of state law. He is being sued in both their individual and official capacity.

13. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

14. The defendant officers were at all material times acting within the scope of their

employment, and as such, THE CITY OF NEW YORK and its employees are vicariously liable for the defendant officers' acts as described below.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. On 11/8/12 MS. MUSSO was at her boyfriend's apartment located at 131 Moore St. #18G Brooklyn, NY. She was there with both his and his mother's permission.

16. At approximately 7 pm MS. MUSSO went into the hallway to throw garbage into the garbage chute.

17. While in the hallway two NYPD officers came out of Staircase "B". One officer was a white female and the other a white male. Upon information and belief the whte femal officer was either P.O. SARAH SWEIGART or P.O. MELISSA NAPOLI and the white male officer was P.O. THOMAS MIKALINIS.

18. The white female asked MS. MUSSO, "What is that smell?"

19. MS. MUSSO responded by pointing to a doorway down the hall and told the female officer, "Check in there, they always smoke."

20. After MS. MUSSO stated this, the female officer told her to turn around and put her hands behind her back.

21. MS. MUSSO was then placed under arrest for possession of marijuana.

22. Because MS. MUSSO had just left the apartment to throw away garbage she was only wearing socks and pajamas.

23. The arresting officers did not allow her to put on any other clothes.

24. MS. MUSSO was then taken downstairs to a prisoner van.

25. MS. MUSSO was transported to the PSA 3 Station house by, upon information and belief, P.O. ROBERT O'BRIEN.

26. While at the station house MS. MUSSO was handcuffed to a pole by P.O. ROBERT O'BRIEN instead of being placed in a cell.

27. MS. MUSSO was handcuffed to a pole for approximately 13 hours. Due to the awkward position she was forced to sit in with her hand above her head she sustained injuries to her wrist. It should also be noted she was forced to stay in this position the entire night which led to not being able to sleep. MS. MUSSO was not allowed to use the bathroom until much later in the evening besides her asking who is believed to be P.O. ROBERT O'BRIEN numerous times for such relief.

28. At one point she was released from the pole to use the bathroom. She was forced to use the bathroom with the door open and a male officer watching her. Upon information and belief this was P.O. ANDY CRUZ.

29. At approximately 9 am the next morning she was issued a Desk Appearance Ticket and released from the police station.

30. On the return date of the ticket she was given an ACD without seeing a Judge or a lawyer.

31. This was MS. MUSSO's first contact with law enforcement her entire life. (She was 21 at the time)

32. Plaintiff did not plea to any crimes or violations for any of the above incidents.

33. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

34. This arrest caused her to lose her security license and therefore lose her job working security at the Ground Zero memorial.

35. MS. MUSSO now has a permanent mark on her record that will follow her for the rest of her life.

36. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

37. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

38. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when she sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

39. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

40. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

41. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

42. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth,

and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

43. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

44. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

45. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

47. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the

following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### *Monell* claim[1]

49. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

50. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the City Defendant in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

11/13/2013
Brooklyn, New York

                                                  Respectfully Submitted

                                                  _____/s/_____
                                                  By:    Paul Hale, Esq
                                                  26 Court St. Ste 913
                                                  Brooklyn, NY 11242
                                                  (718) 554-7344